### 2083. CATCHINGS *v.* THE STATE.

The charge of the court on the subject of impeachment was somewhat inaccurate, but, under the decision in *McCollum* v. *State,* 119 *Ga.* 308 (2), 311 (46 S. E. 413, 100 Am. St. R. 171), the inaccuracy is not such material error as to require a reversal.

Accusation of sale of liquor, from city court of Monticello—Judge Thurman. July 28, 1909.

Argued October 6,—Decided October 13, 1909.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor pro tem., A. Y. Clement,* contra.

POWELL, J. The State relied on the testimony of a single witness. The brief of the evidence does not disclose any formal impeachment of the witness, unless it arose through the conflict between his testimony and what the defendant stated as to what the witness had previously said. The court charged the jury: "Where a witness is attacked by contradictory evidence or by proof

of conviction of an offense involving moral turpitude, it is for the jury to say whether or not such witness has spoken the truth. In determining this question you may look to the evidence and say whether or not there are any corroborating circumstances in the case, and, from all, say whether or not such witness has spoken the truth, and if he has you would be authorized to base your verdict on the same." The objection is that the charge was not authorized by the evidence,—that there was no corroboration of the testimony of the State's witness. A comparison of the case of *McCollum* v. *State,* 119 *Ga.* 308 (46 S. E. 413, 100 Am. St. R. 171), with the one at bar, discloses such a similarity as to make the decision in that case directly applicable and controlling.

*Judgment affirmed.*